IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>vs.<br><br>Arnoldo Castro-Valenzuela, et al.,<br><br>   Defendants. | No. CR 17-1028-TUC-CKJ (LCK)<br><br>**ORDER** |

  On May 23, 2018, Magistrate Judge Lynette C. Kimmins issued a Report and Recommendation ("R&R") (Doc. 196) in which she recommended the Motion to Suppress (Doc. 124) be granted in part and denied in part. "Specifically, [she] recommended that the Court suppress video evidence of the interior of the junkyard taken when the gate was closed with the exception of views of the trailer door. [She also] recommended the motion to suppress be denied as to all other video evidence, including the coming and going of vehicles from the junkyard, activity occurring outside the wall, the door to the trailer, or any activity occurring at the junkyard with the gate open." R&R, p. 7. The Report and Recommendation notified the parties they had 14 days from the date of service of the R&R to file any objections. No objections have been filed.

  The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140,

150 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Nonetheless, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." *Thomas*, 474 U.S. at 154.

The Court has reviewed and considered the pending motion (Doc. 124) and related documents.

Accordingly, after an independent review, IT IS ORDERED:

1. The Report and Recommendation (Doc. 196) is ADOPTED.

2. The Motion to Suppress (Doc. 124) is GRANTED IN PART AND DENIED IN PART. The Motion to Suppress is granted as to video evidence of the interior of the junkyard taken when the gate was closed, with the exception of views of the trailer door. The Motion to Suppress is denied as to all other video evidence, including the coming and going of vehicles from the junkyard, activity occurring outside the wall, the door to the trailer, or any activity occurring at the junkyard with the gate open.

DATED this 12th day of June, 2018.

_____
Cindy K. Jorgenson
United States District Judge