IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>        Plaintiff,<br>vs.<br>Arnoldo Castro-Valenzuela, et al.,<br>        Defendants. | No. CR 17-1028-TUC-CKJ (LCK)<br>**ORDER** |

On September 19, 2018, Magistrate Judge Lynette C. Kimmins issued a Report and Recommendation ("R&R") (Doc. 287) in which she recommended the Motion to Suppress Cell Phone Location Data (Doc. 250) be denied. The Report and Recommendation notified the parties they had 14 days from the date of service of the R&R to file any objections. No objections have been filed.

The R&R found Magistrate Judge D. Thomas Ferraro, who issued the search warrant and two extensions, had a "substantial basis" to find probable cause for the original affidavit based on the totality of the circumstances. *See United States v. Alvarez*, 358 F.3d 1194, 1203 (9th Cir. 2004). The R&R also found that Judge Ferraro had probable cause to grant the extensions. The R&R further determined that, even if information was recklessly omitted from the affidavit supporting the warrant, "the affidavit in entirety supported a finding of probable cause for the warrant and extensions." R&R, p. 14; *see also Franks v. Delaware*, 438 U.S. 152, 171 (1978); *United States v. Stanert*, 762 F.2d 775, 780 (9th Cir. 1985). The

1  R&R also discussed the omission of information (e.g., background, context) from the
2  affidavit and determined that, had the affidavit been modified, the probable cause finding
3  would not have been altered. The R&R concludes that Defendant is not entitled to a *Franks*
4  hearing, nor is there a basis to suppress the results of the search.

5  The standard of review that is applied to a magistrate judge's report and
6  recommendation is dependent upon whether a party files objections – the Court need not
7  review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140,
8  150 (1985). However, the Court must "determine de novo any part of the magistrate judge's
9  disposition that has been properly objected to. The district judge may accept, reject, or
10 modify the recommended disposition; receive further evidence; or return the matter to the
11 magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).
12 Nonetheless, "while the statute does not require the judge to review an issue de novo if no
13 objections are filed, it does not preclude further review by the district judge, sua sponte or
14 at the request of a party, under a de novo or any other standard." *Thomas*, 474 U.S. at 154.

15 The Court has reviewed and considered the pending motion (Doc. 250) and related
16 documents.

17 Accordingly, after an independent review, IT IS ORDERED:

18 1. The Report and Recommendation (Doc. 287) is ADOPTED.

19 2. The Motion to Suppress Cell Phone Location Data (Doc. 250) is DENIED.

20 DATED this 10th day of October, 2018.

_____
Cindy K. Jorgenson
United States District Judge